**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO HAYDHAR RAMIREZ-BENITEZ, | No. 20-73277 |
| Petitioner, | Agency No. A204-326-594 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2024**
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Petitioner Pablo Haydhar Ramirez-Benitez is a native and citizen of Mexico.

In the underlying proceeding, he conceded removability and applied for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). He seeks review of a final order of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("BIA") affirming an immigration judge's ("IJ") denial of all forms of requested relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. With respect to asylum, the IJ ruled that Petitioner's application was time-barred because he did not file it within one year of arriving in the United States and because no exception to the one-year bar applied. 8 C.F.R. § 1208.4(a)(2). The BIA agreed. In this court, Petitioner does not challenge that dispositive ruling, so the validity of the agency's denial of asylum is forfeited. See Hernandez v. Garland, 47 F.4th 908, 916 (9th Cir. 2022) (holding that an issue not "specifically and distinctly" argued in the opening brief is forfeited).

2. With respect to withholding of removal, the agency ruled that Petitioner's proposed particular social group—young, able-bodied males of Mexican descent who are recent deportees with criminal histories—is not cognizable. The BIA, on de novo review of the IJ's conclusion, held that Petitioner's proposed group lacks particularity. We review that conclusion de novo, Nguyen v. Barr, 983 F.3d 1099, 1101 (9th Cir. 2020), and agree with the BIA, see, e.g., id. at 1103 (holding that "known drug users" is not a cognizable group because it lacks particularity); Barbosa v. Barr, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that "individuals returning to Mexico from the United

---

[1] Petitioner's motion to stay appellate proceedings or administratively close case and alternative motion to refer case to mediation, Docket No. 52, is DENIED.

2

States" is too broad to qualify as a cognizable social group (brackets and internal quotation marks omitted)).

3. Petitioner's opening brief makes no mention of his request for CAT relief. Any argument concerning the denial of such relief is therefore forfeited. See Hernandez, 47 F.4th at 916.

**PETITION DENIED.**